■ Edmond J. Rouse, Respondent, v. Champion Home Builders Co., Appellant.— Order, and judgment entered thereon, unanimously reversed, with costs to respondent, and motion denied. Memorandum: This is an appeal by defendant from an order of the Supreme Court, Allegany County, granting the motion of plaintiff to strike defendant's answer and for summary judgment. The complaint was verified and specific, and the answer consisted solely of a general denial. The use of the general denial against a complaint containing specific allegations of fact has been consistently commented upon adversely by the courts, and the practice has been soundly condemned by this court in Barbetta v. Costa (15 A D 2d 720), we stated: "The answer, however, in a single sentence denies each and every allegation in the complaint. We condemn the growing practice of serving such an answer whether it is verified or not. It is apparent that defendant knew, at the time the answer was served, that certain of the allegations of the complaint were true. • • • The service of an answer, such as the one before us, may be a time-saving device to defendant's attorneys, but it casts an unnecessary burden on the plaintiff and the trial court. An answer should be prepared in accordance with statute and recognized legal principles". The dilatory and lackadaisical actions of the defendant's attorneys in this case are to be condemned but should not result in their clients being denied their day in court, particularly when the pleadings before the court indicate that several questions of fact are involved which should be decided by a jury. Included in those fact questions are: Was the mobile home (subject of this lawsuit) rejected, accepted, or accepted with proper and timely notification of the alleged defects? In Ladd v. City of Lackawanna (25 A D 2d 489, 490), we held that: "The answer denied service of such notice, but we place little reliance upon the answer because it denied each and every allegation in the plaintiffs' complaint. This, although the complaint contained allegations, among others, that Mattie Van Buren had been appointed guardian ad litem for the infant plaintiff, that the City of Lackawanna was a municipal corporation, that it owned and operated the playground in question. We have criticized similar tactics before. (Barbetta v. Costa, 15 A D 2d 720.) Apparently this general denial was prepared on the theory that the plaintiffs' complaint was not verified and, therefore, verification of the answer was not required. However, attorneys owe more to adversaries and to the courts than this." The order is reversed and appellant is permitted to serve an appropriate amended answer. Because of the dilatory tactics of appellant, we award costs

to respondent. (Appeal from order of Allegany Special Term in action to rescind sale.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Del Vecchio, JJ.